## Gifts to State Institutions

ARNOLD, Deputy Attorney General, December 20, 1933.—You have submitted for our opinion questions which may be summarized as follows:

1. Is section 10 of the Act of June 14, 1887, P. L. 401, still in force?

2. Where money is received by a State institution as permitted by section 513 of The Administrative Code of April 9, 1929, P. L. 177, should such funds be deposited in the State Treasury and credited to the institution for expenditure in the usual way in accordance with the terms of the gift?

3. Where a State institution receives gifts under section 513 of The Administrative Code, may the required approval of the department with which it is connected be a blanket approval covering certain types of gifts or should there be a separate approval for each gift?

4. May the Auditor General require State institutions to furnish periodic reports of all gifts received whether in money or in kind?

1. Section 10 of the Act of June 14, 1887, P. L. 401, authorized the trustees of certain State hospitals to receive contributions or donations of money and property for the use of the respective hospitals. The trustees were required to furnish the Auditor General with an itemized statement of all moneys so received,

together with the names of the donors, and also to account for the expenditure thereof.

The Administrative Code of June 7, 1923, P. L. 498, abolished the boards of trustees referred to in the Act of 1887 and established a new system of boards for the control of State institutions. The whole subject was further covered by The Administrative Code of April 9, 1929, P. L. 177, which is now in force.

In our opinion, the Administrative Codes provide a complete system of administration for State hospitals, and therefore the Act of 1887 no longer controls in the matters so covered by those codes. The reasons for this conclusion will appear in the course of our answers to certain other of your questions.

2. In a Formal Opinion addressed to the Budget Secretary, dated June 25, 1928 (Opinions of the Attorney General, 1927-1928, 111, 123), the present Attorney General said of moneys which had been received as gifts by and which remained in the hands of trustees of State institutions:

"Prior to the passage of The Administrative Code, many of the boards of trustees of the State institutions now within the Department of Welfare were corporate bodies. As such, the Legislature had specifically conferred upon them the power to accept gifts and donations of property, both real and personal, to be held by them for the benefit of their respective institutions. When, in 1923, these corporate bodies were abolished and the present boards of trustees were substituted for them, the Legislature did not endow the present boards with the right to accept gifts for the benefit of their institutions. However, in a number of cases the abolished boards of trustees had in their possession and turned over to their successors, property which had been lawfully accepted by them to be used for particular purposes specified by the donors.

"Having now come into the possession of the Commonwealth, all of this property is State property; but it can be used only for the purposes for which the donors originally gave it to the corporate bodies which had the right to receive it.

"Accordingly, all such property must now continue to be used for the purposes for which it was originally contributed. In cases where such property is in the shape of money, it should be segregated from the other funds of the institution by depositing it in special bank accounts, the character of which should be clearly defined on the minutes of the respective boards of trustees. As these funds are the property of the Commonwealth they are subject to audit by the Auditor General even though they be held for use for particular purposes, and even though they have been deposited in special bank accounts."

Since the writing of that opinion, section 513 of The Administrative Code of 1929 was enacted, which provides as follows:

"Every administrative department, every independent administrative board and commission, and, with the approval of the department with which it is connected, every departmental administrative board or commission, may accept gifts or donations of money, securities, or other personal property, which, or the income of which, shall be used in conducting the work of such department, board, or commission, or for the benefit of the inmates or patients of any State institution administered by such department, board, or commission."

Section 301 of The Fiscal Code of April 9, 1929, P. L. 343, directs that all departments, boards, or commissions having in their possession moneys of the Commonwealth shall deposit such moneys in State depositories, and upon opening such an account shall notify the Department of the Auditor General and the Treasury Department.

In view of the opinion of the Attorney General above quoted and the subsequent statutory enactments, it is our opinion that moneys received by a State

institution as gifts or donations for particular purposes should be kept separate and apart from general funds appropriated by the State for the maintenance of the institution, and must be used for the purposes designated by the donors.

The provision of The Fiscal Code referred to authorizes deposit of these funds in State depositories by the respective institutions. We are also of the opinion that the boards of trustees may ask the State Treasurer to act as custodian of such funds, and if he agrees to do so he may hold the funds subject to disbursement by the trustees. In no case should these funds be deposited in the General Fund of the Commonwealth, because it would then be impossible to disburse them for the purposes designated by the donors without special legislative appropriation.

3. The purpose of the requirement contained in section 513 of The Administrative Code, that gifts to State institutions be approved by the department with which the institution is connected, was designed to prevent the acceptance of gifts which would impose undesirable obligations on the Commonwealth. Gifts for purposes for which an institution is not equipped or gifts to which are attached burdensome conditions may thus be rejected.

In our opinion, the approval of gifts by a department should ordinarily be specifically given in each case, so that the department may pass on the particular conditions and purposes of the gift. However, it would be entirely proper for the department to give a blanket authority to an institution to accept specific kinds of gifts for specific purposes, but the permissible types of gift and the purposes should be definitely defined in any such blanket grant of authority.

4. Certainly the Department of the Auditor General may require a State institution to report receipts of moneys donated to the institution and, if that is necessary to an audit of its accounts, should do so.

However, the Department of the Auditor General is not equipped, as we understand it, to maintain inventories of physical property on hand at such institutions; the duties imposed on that department by The Fiscal Code have to do primarily with money. The reporting of the receipt of gifts made to institutions in kind would have little value unless your department should keep inventories. In our opinion that is not a necessary part of your duties, and reports of gifts in kind need not be required. Of course, good business would demand that the institutions keep records of gifts which they receive.

To summarize:

Section 10 of the Act of June 14, 1887, P. L. 401, has been superseded by The Administrative Code.

Moneys received by a State institution as gifts should be kept separate from the General Fund of the Commonwealth. They may be deposited by the trustees of the institution in State depositories or they may be placed in the custody of the State Treasurer if he is willing to receive them.

Administrative departments may give their consent to the acceptance of gifts of money and other personal property by State institutions under their supervision by blanket authorizations where the purposes and nature of such gifts are specifically defined. In any other cases, separate approvals should be obtained for each donation.

The Auditor General should require reports of donations of money received by State institutions but need not attempt to require reports of gifts made in kind.                                    From C. P. Addams, Harrisburg, Pa.